Case 2:17-cr-00028   Document 30   Filed in TXSD on 02/07/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:17-CR-28 |
| § | |
| JAMES KRISTOPHER GONZALES; aka § | |
| BIGS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER REVOKING ORDER OF RELEASE AND REQUIRING DETENTION PENDING TRIAL

Before the Court is the Government's Motion for Review and Revocation of Order of Release (D.E. 25). The Court GRANTS the motion and revokes the Magistrate Judge's order of release. Defendant James Kristopher Gonzales is ordered detained without bond pending trial.

### BACKGROUND

United States Magistrate Judge Jason B. Libby held a detention hearing on January 24, 2017, regarding Defendant James Kristopher Gonzales. The Government presented the testimony of Drug Enforcement Administration Task Force Officer Agustin Perez. Defendant did not present any evidence, but argued that he had adequately rebutted the presumption that arises under 18 U.S.C. § 3142(e)(3)(A) by relying on documents in the record and the recommendation of Pretrial Services.

The Magistrate Judge found that Defendant rebutted the presumption and set a bond with conditions. The Court makes the following findings of fact based on the

Pretrial Services Report (D.E. 19) and the transcript of the detention hearing before Magistrate Judge Libby (D.E. 20).

## FINDINGS OF FACT

Defendant is a United States citizen. Except for one year during which he lived in Austin, Texas, Defendant has resided in Corpus Christi, Texas, his entire life. At the time of his arrest, Defendant resided in Corpus Christi with his fiancée, Jayme Lynn Olivarez, their infant daughter, and Olivarez's nine-year-old son. Defendant and Olivarez have been in a relationship for three years, and have resided in their current home for two years. Defendant's parents and sisters, with whom he has a good relationship, also reside in Corpus Christi. Defendant has not left the country since he was eight years old and he does not possess a passport.

Prior to his arrest, Defendant worked as a barber and he believes that he can return to this job if released. Historically, he has earned approximately $2,000 per month and he has monthly expenses of $2,380.

Defendant has prior convictions for a misdemeanor possession of marijuana in 1997 and a felony possession of a controlled substance in 2001. After his felony conviction, Defendant was placed on probation for ten years. In 2007, the state filed a motion to revoke his probation for failure to abide by the conditions of probation. As a result, Defendant was ordered to participate in inpatient drug treatment. In addition to these convictions, Defendant was arrested for possession of marijuana in 2000, 2001, and 2015. The 2015 case remains pending and he is currently on bond. Defendant informed Pretrial Services that he smokes marijuana on rare occasions; however, Officer Perez

testified that, based on intercepted communications, it appears Defendant smokes marijuana on a daily basis.

Defendant was arrested on January 18, 2017, as part of an investigation into a drug distribution cell operating in Nueces and San Patricio Counties. In 2015, the Drug Enforcement Administration (DEA) began a wiretap investigation of phones belonging to Paul Tristan and to Defendant. The DEA also conducted surveillance and phone toll analysis. Agents determine that Tristan was a retail-level distributor of cocaine, cocaine base, and methamphetamine in San Patricio County and that Defendant was Tristan's source for the drugs. Defendant was seen meeting with Tristan on several occasions between September and December 2015, for purposes of completing drug transactions. Agents believe that from July 1, 2015 to August 31, 2016, Defendant distributed pounds of methamphetamine and kilograms of cocaine to Tristan. He distributed ounces of drugs once or twice a week to Tristan and to multiple other individuals. Defendant's drug transactions were a daily occurrence.

Defendant stored the drugs at the house of Samuel Viera. On June 18, 2016, Defendant arranged for Viera to deliver eight ounces of methamphetamine to a buyer at a hotel in Corpus Christi. Agents witnessed Viera arrive at the hotel and leave with the buyer. Agents stopped the vehicle and discovered ten ounces of methamphetamine. Defendant learned of Viera's arrest, called Viera's wife, and instructed her to hide or destroy the drugs that Viera was keeping in his home.

On January 11, 2017, a grand jury returned an indictment charging Defendant with one count of conspiracy to possess with intent to distribute a controlled substance

involving more than 50 grams of methamphetamine and more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Section 841(b)(1)(A) mandates a penalty of at least ten years up to life in prison.

## ANALYSIS

A defendant shall be released pending trial unless the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Under 18 U.S.C. § 3142(e)(3)(A), a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." The Court finds that there is probable cause to believe that Defendant committed the offense of conspiracy to possess with intent to distribute more than fifty grams of methamphetamine and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Given the quantity of drugs involved, if convicted, Defendant faces a sentence of ten years or more. Therefore, it is presumed that no condition, or combination of conditions, will reasonably assure Defendant's appearance before the Court or the safety of the community.

The presumption is subject to rebuttal. However, the presumption does not function as "a mere 'bursting bubble' that totally disappears from the judge's consideration after the defendant comes forward with evidence." *United States v. Hare*,

873 F.2d 796, 798 (5th Cir. 1989).  Rather, the presumption may remain in the case as one factor that the court may consider in its analysis.  *United States v. Fortna*, 769 F.2d 243, 250-52 (5th Cir. 1985).  Thus, even if there is some evidence rebutting the presumption, "in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society."  *Hare*, 873 F.2d at 798-99.  "The statute thus seems to create an unusual set of weights and measures in which the burden of persuasion is on the government, not the defendant, but the presumption may be weighed in the evidentiary balance."  *Id.* at 799.  The Fifth Circuit has held that a defendant's continued involvement in drug trafficking constitutes a danger to society sufficient to warrant detention pending trial.  *Id.*; *United States v. Rueben*, 974 F.2d 580, 587 (5th Cir. 1992).

     Here, there is evidence to rebut the presumption that Defendant poses a flight risk.  Specifically, Defendant has extensive ties to the community.  However, Defendant has offered no evidence to rebut the presumption that no combination of conditions can assure the safety of the community.  The evidence favoring detention is significant.  There is evidence that Defendant directed and extensively participated in a drug distribution scheme and there is no evidence suggesting that these activities would cease if Defendant were released.  Additionally, while previously on probation for felony possession of a controlled substance, Defendant violated the conditions of his probation.  And the offense now before the Court occurred while Defendant was on bond for a state law misdemeanor, demonstrating that Defendant is unwilling or unable to abide by conditions of release.

Thus, the Court finds that "no conditions or combination of conditions will reasonably assure . . . the safety of the community." 18 U.S.C. § 3142(e).

## CONCLUSION

For the reasons set forth above, the Government's Motion for Review and Revocation of Order of Release Pursuant to 18 U.S.C. § 3145(a)(1) (D.E. 25) is GRANTED and the Magistrate Judge's order of release is REVOKED. Defendant James Kristopher Gonzales is ORDERED DETAINED WITHOUT BOND pending trial.

ORDERED this 7th day of February, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE